1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA**

10

11     LEROY THOMPSON,                    CASE NO. 2:15-cv-05725-JVS (SK)

12                    Petitioner,          **ORDER TO SHOW CAUSE WHY**
                                           **PETITION SHOULD NOT BE**
13            v.                           **DISMISSED**

14     DANIEL PARAMO, Warden,

15                    Respondent.

16

17            Petitioner is a California state prisoner serving a sentence of 236 years

18     to life, plus 38 years, for second-degree robbery, assault with a firearm, and

19     attempted second-degree robbery. (LD 1 at 480-82; LD 2 at 1366–76).  On

20     appeal, Petitioner raised three state-law claims, which the California Court

21     of Appeal denied in a written opinion. (LD 3).  Petitioner did not file a

22     petition for review in the California Supreme Court. (LD 4).  Instead, he

23     later filed a state habeas petition in the California Supreme Court by

24     attaching and resubmitting his direct-appeal opening briefs to the California

25     Court of Appeal. (LD 5).  The California Supreme Court denied the habeas

26     petition with citation to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965).  (LD 6).

27     Petitioner then filed his federal habeas petition here in the same way that he

28     had filed his state habeas petition – by attaching without change and

incorporating by reference the opening briefs submitted to the California Court of Appeal on direct review. (ECF No. 1 at 11–37). For the reasons below, it plainly appears that Petitioner is not entitled to habeas relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases; L.R. 72-3.2. Thus, he is ordered to show cause why the Petition should not be dismissed.

First, Petitioner's claims are not exhausted. A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b)(1). To satisfy this requirement, a petitioner must "fairly present" the substance of his claim to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *Id*. at 277. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). Here, none of Petitioner's claims in state court alleged a violation of the Constitution or federal law. Thus, his claims are unexhausted because "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee[.]" *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Second, Petitioner's claims were procedurally defaulted in state court. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). The California Supreme Court denied his claims on collateral review with citation to *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), which bars claims on state habeas (subject to exceptions not applicable here) that were raised and rejected on direct appeal. Ordinarily, a *Waltreus* denial is considered neither a ruling of procedural default nor a ruling on the merits where the claim at issue has

been decided on the merits by the California Supreme Court on direct appeal. *See Hill v. Roe*, 321 F.3d 787, 790 (9th Cir. 2003). But there remains an exception where, as here, the petitioner fails to file a petition for review on direct appeal, thereby procedurally forfeiting "his only chance to present properly his claim to the California Supreme Court." *Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir. 1996). In that narrow circumstance, which is present here, Petitioner has "deprived the highest state court of an opportunity to address his claim in the first instance, and his claim is procedurally defaulted." *Id.* (citing *Coleman*, 501 U.S. at 732).[1]

Procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Cause is established where "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish

---

[1] A handful of lower courts have suggested that *Forrest* applies only in cases where the California Supreme Court has expressly denied a petition for review as untimely and then later issued a *Waltreus* denial. *See, e.g., Watts v. Adams*, 2013 WL 501189, at *4 (E.D. Cal. Feb. 11, 2013); *Lima v. Kramer*, 2012 WL 4109096, at *8 n.11 (S.D. Cal. Mar. 26, 2012); *Rabb v. Lopez*, 2012 WL 5289576, at *16 (C.D. Cal. July 2, 2012). But while the denial of a late petition for review happened to be sufficient to find procedural default in *Forrest*, there is no indication it is necessary. Whether a petitioner defaults his claim on direct appeal by filing no petition or by filing a late petition that is rejected as untimely, a *Waltreus* denial has the same result: the petitioner has forfeited the only chance to have the California Supreme Court address his claim on the merits. There is no reason to find procedural default in the second scenario but not in the first, because either way the claim has never been presented properly to the California Supreme Court. Otherwise, the distinction would lead to perverse incentives because "it rewards petitioners who do not file anything with the California Supreme Court . . . , and punishes those who do, albeit in an untimely fashion." *Davis v. Butler*, 2005 WL 1490283, at *7 (E.D. Cal. June 17, 2005). *Hill*, 321 F.3d at 789, is reconcilable because it only makes sense that when the California Supreme Court has denied the merits of a claim presented in a timely petition for review, a *Waltreus* denial of that same claim should not result in procedural default since the petitioner has "exhausted his [] claim by presenting it on direct appeal, and was not required to go to state habeas at all." *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

prejudice "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id*. at 494 (emphasis omitted) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). And a fundamental miscarriage of justice occurs only when a constitutional violation probably resulted in the conviction of a defendant who is actually innocent. *See id*. at 495–96. Petitioner has not demonstrated that either of these exceptions applies here.

Third, the Petition is barred by the statute of limitations. Petitioner concedes that his petition is untimely because it was filed more than one year after his conviction became final (accounting for statutory tolling) in October 2013. *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2). However, he argues he is entitled to equitable tolling from October 2013 to November 2015 because of various mental limitations and health problems. (ECF No. 19). To obtain equitable tolling, Petitioner must show both (1) "that some extraordinary circumstance stood in his way and prevented timely filing," and (2) "that he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, although Petitioner has attempted to make the case for extraordinary circumstances based on his alleged mental and physical limitations, he has not explained how those limitations (even if true and assumed to be extraordinary) stood in the way of timely filing, nor has he indicated the ways in which he was diligently pursuing his rights. *See Luna v. Kernan*, 784 F.3d 640, 649–50 (9th Cir. 2015).

To establish that his mental and physical limitations "prevented" him from timely filing, Petitioner must meet the "causation" requirement and show that "[b]ut for" his impairments, he would have filed his federal habeas petition on time. *Id*. at 649. Here, Petitioner generally describes his mental

4

and physical conditions, but provides no evidence that his petition was filed late specifically because of – and not merely in spite of – those conditions. Further, to establish reasonable diligence, Petitioner must "show diligence through the time of filing, even after the extraordinary circumstances have ended." *Id.* at 651. Petitioner fails to supply any medical timing evidence of when his mental or physical impairments started or stopped, making it impossible to determine if reasonable diligence was exercised and, if so, for what periods of time. Given that Petitioner eventually filed his (late) federal habeas petition by just attaching and referencing the opening briefs filed in the California Court of Appeal, it is hard to see why such a facile task could not have been done much sooner during the one-year limitations period notwithstanding his alleged mental and physical challenges.

Finally, Petitioner's claims are not cognizable on federal habeas review. Just as he argued on direct appeal, Petitioner challenges here (1) the denial of his request under *People v. Marsden*, 2 Cal. 3d 118 (1970), to substitute appointed counsel in the middle of trial; (2) the denial of his motion under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), to strike his prior convictions in the interests of justice for sentencing; and (3) the trial court's failure to sua sponte stay his sentence for attempted robbery under California Penal Code § 654 on the ground that it punished him for the same conduct underlying his robbery convictions. (ECF No. 1 at 11–37). Because these claims attack only the California state court's application of its own state's laws, they raise no constitutional claims cognizable on federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (claim for resentencing under *Romero* not cognizable on federal habeas), *vacated and remanded on other grounds, Mayle v. Brown*, 538 U.S. 901 (2003); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1999) (alleged violation of Cal. Penal Code § 654 is

state-law claim not cognizable in federal habeas proceeding).  Indeed, the Court of Appeal's conclusions rejecting Petitioner's claims under California state law are binding here.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Hence, "it is perfectly clear that the petitioner has no chance of obtaining relief" on any of these unexhausted state-law claims.[2]  *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed as unexhausted, procedurally defaulted, untimely, and/or not cognizable on federal habeas review.  Petitioner's response is due within 30 days of the date of this order.  Failure to respond to the order may result in dismissal of this action for lack of prosecution and failure to obey court orders.

**IT IS SO ORDERED.**

DATED: August 18, 2017

_____
HON. STEVE KIM
U.S. MAGISTRATE JUDGE

---

[2] While *Marsden* claims can be construed as Sixth Amendment claims (where, unlike here, a petitioner asserts that constitutional ground in state court), the Supreme Court has never clearly established that "a denial of a motion to substitute counsel can be unconstitutional."  *Johnson v. Long*, 2014 WL 496921, at *10 (E.D. Cal. Feb. 6, 2014) (construing *Marsden* claim as state-law claim).  Nor has the Supreme Court squarely ruled that mere disagreements and distrust between attorney and client can violate the Constitution.  *See Plumlee v. Masto*, 512 F.3d 1204, 1210–11 (9th Cir. 2008) (en banc).  Moreover, no Supreme Court case has endorsed the Ninth Circuit rule from *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007), that an "irreconcilable conflict" based on a "complete breakdown in communication" can amount to a denial of the right to counsel.  *See Lopez v. Smith*, 135 S. Ct. 1, 4 (2014); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000).  But even under the Ninth Circuit's "irreconcilable conflict" standard, "[d]isagreements over strategical or tactical decisions do not rise to level of a complete breakdown in communication."  *Stenson*, 504 F.3d at 886.

6